MELISSA HOLYOAK, United States Attorney (#9832)
JAWAYRIA Z. AUCHTER, Assistant United States Attorney (IL #6313178)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: jawayria.auchter@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ADAM HUNTER HARMEL,<br><br>Defendant. | Case No. 2:28-MJ-00872<br><br>Government's Memoranda in Support of Pretrial Detention<br><br>Judge Daphne A. Oberg |

The United States, by and through undersigned counsel, respectfully submits the Government's Memorandum in Support of Pretrial Detention. As explained here, the Government seeks the continued pretrial detention of Adam Hunter Harmel (Defendant) due to the risk of flight and unmanageable danger he poses to the public.

## I. PROCEDURAL BACKGROUND

On November 2, 2026, a Criminal Complaint[1] was filed against Defendant charging him with a violation of 18 U.S.C. § 2423(a), *Transportation with Intent to Engage in Criminal Sexual*

[1] The United States intends to seek an indictment on this count on November 10, 2026.

*Activity* in the United States District Court for the District of Utah, and a warrant was issued for Defendant's arrest. Defendant was apprehended in Oregon on November 1, 2026, and brought to the District of Idaho for his initial appearance pursuant to Federal Rule of Criminal Procedure 5(c)(2)(B). Defendant had an initial appearance on this complaint November 4, 2026, at which time his preliminary hearing and detention hearing were set November 10, 2026. At this initial hearing, the Government requested Defendant's pretrial detention, and the Defendant requested a hearing on the motion. The Government proffers the following in support of its motion for pretrial detention based on information that is now known.

## II. PROFFER OF FACTS[2]

In about May of 2025, Defendant met a minor victim (MV) on a social media and messaging platform. At all times relevant to the charges, MV was a minor. Defendant told the MV he wanted to get MV to Oregon, where he resided. On or about May 29, 2025, Defendant drove from his home state of Oregon to Utah to pick up MV. He then proceeded to have sex with MV in his car, before transporting MV back to Oregon. While en route to Oregon, Defendant threw MV's phone into a river.

Upon their arrival in Oregon, Defendant put MV in the basement of his residence and told her she was not allowed to leave. He kept a knife under his pillow and cornered MV at night to prevent her escape. Despite her age, Defendant continued to sexually assault MV and kept her for over seventeen months. In fact, MV's age was part of MV's appeal to Defendant. Defendant indicated to MV that he had a sexual interest in minors, particularly young girls.

[2] The following is based on evidence currently available to me and provided by law enforcement in an ongoing and active investigation.

In addition to threats of force, Defendant was violent and aggressive with MV, and over the course of the seventeen months Defendant kept MV in his basement, he repeatedly hit her and intimidated her. He forced MV to remove her braces with pliers so that she could not be identified.

Defendant also controlled MV's access to outside communication by allowing her to only have a phone that was connected to WiFi. At one point, Defendant took that phone away but later provided another phone with similar communication limitations. Defendant maintained access to all of MV's phone(s) that he provided.

Defendant continued to sexually assault MV and kept her for over seventeen months. MV was not provided necessary medical care during this time, despite going through traumatic medical events.

Law enforcement was able to recover MV from Defendant's residence on November 1, 2026. A search warrant of Defendant's residence revealed several knives, a machete, evidence of sexual assault, and MV's clothing in the basement, among other items.

Though the investigation is pending, there is reason to believe that Defendant has been involved in the production and distribution of child pornography as well as enticement or coercion of other minor victims. Defendant expressed a desire to abduct minors, bind the victims in a tub, have sex with them, keep them in empty drawers located in the basement of the house, and to injure or kill them thereafter. There is evidence that Defendant attempted to abduct at least one other minor. This evidence has led law enforcement to request information from victims nationwide.

Additionally, Defendant is currently subject to a "Protective Order to Prevent Sexual Abuse" that was entered on or about March 13, 2025, months before Defendant transported MV

to Oregon. The Order is valid and effective until January 1, 2037. The allegations in that protective order indicate Defendant forced a different minor victim (MV-2) under the age of 12 to sleep in his bed and forced MV-2 to engage in oral sex. The investigation into this allegation is also still ongoing.

## III. APPLICABLE LAW

The Bail Reform Act provides that a judicial officer shall detain a defendant pending trial where "no conditions or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Detention is appropriate where a defendant poses either a danger to the community or a risk of non-appearance and it is not necessary to prove both. *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). The Government must establish by clear and convincing evidence that the Defendant presents a danger to the community and by a preponderance of the evidence that the Defendant is a risk of non-appearance. *Id.*

In determining whether pretrial detention is appropriate, Section 3142 provides four factors for the Court to consider: (1) the nature and circumstances of the offense charged, including whether the offense charged is a crime of violence; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed by the defendant's release. *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990); 18 U.S.C. § 3142(g).

Based on the nature of the charged offenses, 18 U.S.C. § 3142(e)(3)(A) establishes a presumption that "no condition or combination of conditions" will reasonably assure (1) the appearance of defendant as required, or (2) the safety of the community. While the

burden of persuasion remains with the Government when arguing detention, a burden of production is shifted to the defendant to provide facts overcoming the statutory presumption that he should be detained as both a flight risk and danger to the community. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

At the detention hearing, the Court may properly rely upon a proffer by counsel in determining a defendant's danger to the community or risk of flight. *See United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986) ("'[T]he government may proceed in a detention hearing by proffer or hearsay."); *see also United States v. Cabrera-Ortigoza*, 196 F.R.D. 571, 575-76 (S.D. Cal. 2000) ("The use of proffers and hearsay evidence are a necessary ingredient to the effective working of the Bail Reform Act, and prevention of a mini trial, or an early discovery expedition further facilitates those goals. Discovery is provided at the appropriate time and in the manner provided for in the Federal Rules and relevant statutes.").

## I. ARGUMENT

### A. Nature and Circumstances of the Offenses

The nature and circumstances of the allegations here overwhelmingly demonstrate that the Defendant is a risk of flight and a danger to the community. The conduct in this matter is of the most egregious type and involves long-term physical and emotional abuse, along with intimidation of MV. Defendant has also expressed a desire to abduct other minors, and law enforcement is aware of at least one attempt to abduct yet another minor victim. The case at hand follows allegations of an assault on MV-2 shortly before MV was taken from Utah. The nature and circumstances surrounding Defendant's repeated and violent conduct toward vulnerable people demonstrate that he is an unmanageable risk to the community.

Locating Defendant and discovering his residence has been challenging for local law

enforcement. Defendant has also shown a willingness to travel throughout various states to accomplish his criminal exploits. These facts demonstrate that he is an unmanageable risk of flight.

The nature and circumstances of the offenses here weigh decisively in favor of detention.

**B. Weight of the Evidence**

The evidence establishing the Defendant's guilt is significant and includes statements from multiple victims which are corroborated by social media evidence, items located in Defendant's residence, and statements by other witnesses.

This factor weighs heavily in favor of detention.

**C. The Defendant's History and Characteristics Support Detention**

The Defendant's characteristics also support the conclusion that he is a danger to the community and a risk of flight. The evidence in this case that forms the basis for the criminal charges speaks for itself in this regard. Moreover, the investigation has revealed that even after he confined MV and assaulted her, he sought out other minor victims to assault or kill. Finally, as noted above, a court previously entered a protective order against Defendant in March 2025 based on allegations that he sexually assaulted MV-2. As detailed above, he has a lengthy history of abusing minors.

While Defendant's release plan is unknown at the time of the instant filing, it is anticipated that he will request to stay with family members who have been complicit in his criminal conduct and may have been an accessory after-the-fact to the alleged criminal conduct. This includes a family member who knew MV's age, knew that MV had been transported by Defendant to Oregon, and that MV had been sexually assaulted and required medical attention.

This same family member refused to help MV and warned Defendant that law enforcement had arrived at the residence when they arrived to investigate this matter on November 1, 2026. There is no release plan that can reasonably assure Defendant will not act again to harm or acquire another victim nor is there any family member or reasonable supervision plan that can assure the Court he will not flee. He has no known ties to the community in Utah or known plan to ensure his compliance in the proceedings.

Defendant's criminal history includes several failure to purchase a driver's license or driving without a license offenses. While this is a minor infraction, it shows a pattern of disregard for basic laws that govern our society. He also has at least one failure to appear and documented for one of these instances along with a conviction for petty theft.

disregard for The Defendant's characteristics and ongoing history of engaging in criminally sexual behavior overwhelmingly support detention.

**D. Nature of the Danger Posed if Released**

Given the nature of this case, this Court should recognize the serious danger Defendant would pose if released. The ubiquity and ease of access to prepaid cellphones and other internet capable devices presents an unmanageable risk Defendant can continue to attempt to entice and abduct minor victims; a desire and will he expressed so brazenly. Although Pretrial Services can install monitoring software on devices, this is only effective if they are aware of the devices that the Defendant has access to, and Defendant has displayed through his conduct he is familiar with obtaining multiple pre-paid devices. At least one such device has already been recovered in this case. Additionally, Defendant communicated with MV through non-standard social media applications to avoid detection. Defendant was clearly aware that his conduct was criminal, yet he continued to hold and

engage in ongoing sexual abuse of MV. No release plan could adequately mitigate the risk he has demonstrated he presents to the community. Beyond this, the serious nature of Defendant's proclivities warrants ongoing detention.

For these reasons, the Government submits that no release conditions can reasonably assure the safety of the community – particularly children – and the Defendant should be detained pending trial.

### E. Position of the Victim

The MV in this matter as well as the victim listed in the protective order both wish for Defendant to remain detained pending the outcome of these proceedings.

## V. CONCLUSION

For the foregoing reasons, the Government respectfully requests the Defendant's detention pending trial.

Respectfully submitted this 9th day of November 2026.

MELISSA HOLYOAK
United States Attorney

JAWAYRIA Z. AUCHTER
Assistant United States Attorney